995 F.2d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas MARKLEY, Defendant-Appellant.
 No. 92-1834.
 United States Court of Appeals, Sixth Circuit.
 June 10, 1993.
 
 Before: MILBURN, RYAN, and NORRIS; Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 Defendant Thomas Markley appeals the sentence he received following his plea of guilty to one count of conspiracy to possess marijuana with intent to distribute. He argues that the district court clearly erred in finding him accountable, for sentencing purposes, for 200 pounds of marijuana. For the reasons discussed below, we reject the defendant's challenges to his sentence, and affirm.
 
 I.
 
 2
 Thomas Markley was indicted, along with codefendant Barry Nabozny, for one count each of conspiracy to possess marijuana with intent to distribute; attempt to possess marijuana with intent to distribute; and distribution of marijuana, all in violation of 21 U.S.C. §§ 841(a)(1) & 846. Markley pled guilty to the first count in exchange for the government's dismissal of the remaining counts. The Rule 11 plea agreement reserved as a factual issue the amount of marijuana for which the defendant would be held accountable.
 
 
 3
 The underlying facts--namely, the substance of the various conversations and transactions--are not in dispute. On November 5, Markley met with undercover agent Ben McDermott to discuss a potential sale of marijuana to McDermott. McDermott told Markley that because he was expecting an imminent shipment of 100 to 300 pounds, he only wanted to a buy a small amount from Markley. Upon learning of the imminent shipment, Markley expressed an interest in buying 100 to 200 pounds for cash. On November 6, Markley sold McDermott one-half pound of marijuana for $1,350, and after again discussing the large shipment, Markley told McDermott that "I can work whatever you can afford to give me and I know I'll be able to move it." Markley and McDermott next met on November 9, and during that conversation, Markley said he would take "[o]ne for sure I'd have to say. I hope two. I'll have to see." On November 10, Markley told McDermott that he had to "check it out and I'll tell you from there but probably one for sure...." On November 12, Markley told McDermott that "I think [Nabozny is] still interested in the hundred," and then inquired whether McDermott "might come down a little bit" on the price if they bought two hundred pounds. On November 12, Markley left a message for McDermott that he and Nabozny were willing to buy 50 pounds. In a later telephone call, Markley indicated that he and Nabozny would take more later, but the exact amount was not specified: "[50 is] just for today and probably tomorrow the rest just you know cause that's ya want to go C.O.D. so." Later that same day, the exchange of money for the 50 pounds took place, and the parties discussed additional purchases. When McDermott questioned whether they would buy 50 more pounds the next day, Nabozny responded, "I just want to--I got cash for this right now so--I'll dump it and turn around and we'll do another fifty tomorrow. No problem. That happens all the time. I'll turn around and make the other hundred off of you the next day."
 
 
 4
 At sentencing in June 1992, the district court was persuaded by the government's argument that these facts supported a conclusion that Markley was accountable for 200 pounds:
 
 
 5
 What is disputed here, about the Defendant, is the legal interpretation to be given to the facts and, as the law, I must adopt the argument of the Government for the reasons argued by the Government.
 
 
 6
 It appears clear, under the facts where the conspiracy is the theory of the Government, that Mr. Markley must be held responsible under these facts for the 200 pounds of cocaine [sic], which became the subject of the conspiracy.
 
 
 7
 Markley was sentenced to 41 months' imprisonment and three years' supervised release. He timely appeals.
 
 II.
 
 8
 A district court's determination of the quantity of drugs used to compute a defendant's sentence is a finding of fact that should not be rejected unless clearly erroneous. United States v. Paulino, 935 F.2d 739, 756 (6th Cir.), cert. denied, 112 S.Ct. 883 (1991). A finding of fact will be clearly erroneous only when, although there is evidence to support it, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. Bessemer City, 470 U.S. 564, 573 (1985) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).
 
 
 9
 Markley argues that the district court clearly erred in finding that he was accountable for 200 pounds of marijuana, and also argues that the evidence shows that he had neither the intent nor the ability to complete a transaction of that size. We disagree.
 
 
 10
 Under the sentencing guidelines, "quantities ... of drugs not specified in the count of conviction are to be included in determining the offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction." U.S.S.G. § 1B1.3, comment. (backg'd.). A court should use "the weight under negotiation in an uncompleted distribution [in order] to calculate the applicable amount." U.S.S.G. § 2D1.4, comment. (n. 1) (emphasis added).
 
 
 11
 At sentencing, the government must prove the quantity of drugs involved in an illegal transaction by a preponderance of the evidence. United States v. Hodges, 935 F.2d 766, 774 (6th Cir.), cert. denied, 112 S.Ct. 317 (1991). Conduct beyond the count of conviction may be considered at the sentencing level, United States v. Moreno, 899 F.2d 465, 473 (6th Cir.1990), cert. denied, 112 S.Ct. 1504 (1992), and a defendant who is involved in a conspiracy may be held accountable for any quantity of which he is aware or which is reasonably foreseeable to him. Hodges, 935 F.2d at 770.
 
 
 12
 There is ample evidence in the record to prevent this court from holding that it was clearly erroneous to find Markley responsible for 200 pounds of marijuana. Indeed, we do not think it can seriously be gainsaid that 200 pounds of marijuana were "under negotiation" between Markley, Nabozny, and McDermott. During oral argument, defense counsel suggested that in order for a defendant to be liable for a certain amount of drugs, the parties needed to have, in effect, finalized a contract for that amount. But that is not what the guidelines say; the guidelines use the term "under negotiation," and we think it is clear from these facts that the amount "under negotiation" between the parties was 200 pounds.
 
 
 13
 The commentary to section 2D1.4 cautions, however, that the court should not include in the guideline calculation any "amount that it finds the defendant did not intend to produce and was not reasonably capable of producing." U.S.S.G. § 2D1.4, comment. (n. 1). "[O]nce the government satisfies its burden in establishing a negotiated amount, the defendants have the burden of proving that they were not capable of producing that amount." United States v. Christian, 942 F.2d 363, 368 (6th Cir.1991), cert. denied, 112 S.Ct. 905 (1992).
 
 
 14
 We are also unpersuaded by Markley's argument that he had neither the intent nor the ability to purchase 200 pounds of marijuana.[1] The portions of the conversations between Markley, Nabozny, and McDermott certainly evince a receptiveness on the part of the coconspirators to purchasing such an amount. We note, moreover, that Nabozny indicated that they had the ability to finance the purchase of more marijuana by selling the marijuana they had already bought. See United States v. Rotolo, 950 F.2d 70, 72 (1st Cir.1991). Finally, the burden was on Markley, under Christian, to show that he was incapable of completing the purchase, and he has simply not pointed to any facts that would persuade one that the district court had clearly erred in finding him capable of purchasing 200 pounds.[2]
 
 III.
 
 15
 For the foregoing reasons, we AFFIRM.
 
 
 
 [1]
 We reject the defendant's argument that the district court's findings of fact on the questions of ability and intent were inadequate under United States v. Gessa, 971 F.2d 1257, 1263 (6th Cir.1992) (en banc). The district court made sufficient findings when it said that it was "adopt[ing] the argument of the Government for the reasons argued by the Government."
 
 
 [2]
 Markley also argues that the district court erred in failing to conclude that the undercover officer was manipulating the sentencing guidelines by prodding him to buy 200 pounds of marijuana. He did not raise this argument in the court below, and we therefore review for plain error only. Plain errors are "those harmful ones that are so rank that they should have been apparent to the trial judge without objection, or that strike at the fundamental fairness, honesty or public reputation" of the proceeding. United States v. Causey, 834 F.2d 1277, 1281 (6th Cir.1987), cert. denied, 486 U.S. 1034 (1988). Markley cannot point to a single case in which a court has applied his theory of "sentencing entrapment." Therefore, after carefully considering this challenge to his sentence, we also reject it